[Cite as *State v. G.K.*, 2020-Ohio-5083.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                    :

                                        No. 109058

    v.                                              :

G.K.,                                            :

    Defendant-Appellant.               :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** October 29, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-09-526944-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory Ochocki, Assistant Prosecuting Attorney, *for appellee.*

Zukerman, Lear & Murray, Co., L.P.A., Larry W. Zukerman, Brian A. Murray, and Adam M. Brown, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} G.K. appeals the trial court's denial of his application to seal the records related to dismissed charges in Cuyahoga C.P. No. CR-09-526944-B.[1] For the reasons that follow, we reverse and remand.

## I.    FACTUAL BACKGROUND

{¶ 2} George Moses ("Moses") was indicted on August 19, 2009, for 23 offenses. Of the 23 offenses charged, 21 arose out of sexual misconduct directed at Moses's daughter, who was cognitively impaired. The other two charges were for obstructing justice and tampering with evidence. Moses pled guilty to three out of nine rape charges and three out of six kidnapping charges against his own daughter. The other 17 charges against Moses were nolled. He was sentenced to serve 60 years in prison for his crimes.

{¶ 3} G.K. is Moses's first cousin. G.K. was named as a codefendant in the August 19, 2009 indictment against Moses. G.K., however, was only charged with seven offenses. The indictment falsely charged G.K. with three counts of rape, one

---

[1] As a preliminary matter, we note that the words "sealing" and "expungement" have, at times, been used interchangeably in this case, but they are not the same thing. "Expungement occurs when a conviction is completely erased from one's record. Sealing is when the records of a conviction are filed in a 'separate, secured location' and 'cannot be seen by most people.'" *State v. D.D.G.*, 8th Dist. Cuyahoga Nos. 108291 and 108342, 2019-Ohio-4982, ¶ 5, quoting The Ohio Justice & Policy Center's Criminal Records Manual, Understanding and Clearing Up Ohio Criminal Records, and Overcoming the Barriers They Create, http://ohiojpc.org/wp-content/uploads/2015/07/OJPCs-Criminal-Record-Manual.pdf (accessed Sept. 18, 2019). "Ohio does not allow the expungement of adult convictions, but, instead, allows offenders to apply to have their records sealed." *Id. See also Pariag* at ¶ 11 (discussing the use of "expungement" and "sealing").

count of gross sexual imposition, and one count of kidnapping for offenses dated June 20, 2009. DNA evidence revealed that it was Moses alone who had sexual contact with his own daughter and the victim recanted her accusations against G.K.

{¶ 4} In addition to facing the alleged sexual offense charges, the indictment charged G.K. with obstructing justice and tampering with evidence. Those offenses were dated between July 22, 2009, and August 6, 2009, at least one month after the alleged sexual offenses charged against G.K. were thought to have occurred. The record indicates that the obstructing justice charge arose in connection with G.K. allegedly concealing Moses's computer from the police. The police eventually obtained the computer through a search of G.K.'s home. But after a forensic examination, the computer did not yield any evidence against either G.K. or Moses.

{¶ 5} In a plea agreement, G.K. pled guilty to a single count of obstructing justice and the state nolled all the other charges against him. G.K. was sentenced to community control, which the court terminated early for his good compliance. He later sought to have the dismissed charges sealed.

{¶ 6} G.K. was 51 years old when he was indicted and had been married for about ten years. He is now 62 years old and has been married for 20 years. He has a tenth-grade education and is a trained locksmith. G.K. described to the trial court how the false charges against him have impacted his entire life:

> I've got this placard across my forehead of embarrassment and shame that I've had to suffer and endure all this time, which is totally unfair to

live a life — to live a year in my shoes, I don't think anybody could bear. But this is what I have to deal with.

Tr. 66:11-15.

## II. PROCEDURAL BACKGROUND

{¶ 7} Moses, G.K.'s cousin, was indicted on 23 charges in Cuyahoga C.P. No. CR-09-526944-A. He faced nine counts of rape, in violation of R.C. 2907.02(A)(2); six counts of gross sexual imposition, in violation of R.C. 2907.05(A)(1); six counts of kidnapping, in violation of R.C. 2905.01(A)(4); one count of obstructing justice, in violation of R.C. 2921.32(A)(4); and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1). The rape charges included a sexually violent predator specification under R.C. 2941.148(A); notice of prior conviction under 2929.13(F)(6); and a repeat violent offender specification under R.C. 2941.149(A) related to a prior conviction for attempted rape in violation of R.C. 2923.02 and 2907.02. The kidnapping charges included the same specifications in addition to a sexual motivation specification under R.C. 2941.147(A).

{¶ 8} DNA evidence determined that Moses — not G.K. — committed all the most egregious crimes. Moses pled guilty to three counts of rape and three counts of kidnapping. The state nolled the 17 other charges against him. On May 13, 2010, the trial court sentenced Moses to ten consecutive years on each count to that he pled guilty, for a total of 60 years, with five years' mandatory postrelease control.

{¶ 9} The indictment included the following seven charges against G.K.: three counts of rape, in violation of R.C. 2907.02(A)(2), a first-degree felony; one

count of gross sexual imposition, in violation of R.C. 2907.05(A)(1), a fourth-degree felony; one count of kidnapping, in violation of R.C. 2905.01(A)(4), a first-degree felony; one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a third-degree felony; and one count of obstructing justice, in violation of R.C. 2921.32(A)(4), a fifth-degree felony. The rape charges and kidnapping charge included a sexually violent predator specification under R.C. 2941.148(A). The kidnapping charge also included a sexual motivation specification under R.C. 2941.147(A).

{¶ 10} The false rape, gross sexual imposition, and kidnapping charges (Counts 13 - 17) were for offenses dated around June 20, 2009. The obstructing justice charge (Count 18) and tampering with evidence charge (Count 19) were for offenses dated between July 22, 2009, through August 6, 2009.

{¶ 11} G.K. pled not guilty to all charges on September 16, 2009. Around September 22, 2010, after DNA evidence exonerated G.K. and the victim recanted her accusations against him, the state nolled the false rape, gross sexual imposition, and kidnapping charges (Counts 13, 14, 15, 16, and 17). The tampering with evidence charge (Count 19) was also nolled.

{¶ 12} On September 27, 2010, G.K. pled guilty to a single count of obstructing justice in violation of R.C. 2921.32(A)(4), a fifth-degree felony (Count 18). On October 27, 2010, G.K. was sentenced to one year of community control, with various conditions, and ordered to complete 30 hours of community service.

On May 23, 2011, the trial court terminated the community control sanctions early for his good compliance.

{¶ 13} On August 15, 2014, G.K. sought to have the dismissed charges in the indictment sealed pursuant to R.C. 2953.52. He did not request to have the obstructing justice conviction sealed and concedes he is not statutorily eligible to do so.

{¶ 14} The judge originally assigned to G.K.'s case oversaw a hearing regarding G.K.'s application to seal the dismissed charges on April 27, 2015. At the hearing, the state argued that G.K.'s dismissed charges could not be sealed because doing so would require the court to order a partial sealing since G.K.'s obstructing justice charge cannot be sealed. The trial court expressed hesitation about refusing to seal charges that were proven false just because another charge in the indictment resulted in a conviction that G.K. is not statutorily eligible to have sealed:

> But in this case, if what [defense counsel] is outlining is true and the dismissed counts that were initially brought from a grand jury, based on information that was later proven false, now it's just on the record, are now hampering his client's ability to be employed, at no fault of his own.
>
> What public policy is advanced in not sealing the claims that were not only not proven, but during the discovery phase of the case determined to be false, if [defense counsel] is representing the facts correctly, and — were based on accusations that were later recanted?
>
> * * *
>
> [A]s I'm hearing this I'm hard pressed to think of a public policy that would be advanced by allowing charges that were brought to your office, that were later dismissed, not as a result of a negotiated plea agreement, but because of the discovery that the information that was

used to obtain the indictment in the first place were based upon false information.

I have no — I cannot see how — how any public policy is advanced by requiring that those remain as part of the public record in this case when they're, you know, clearly salacious, scandalous accusations, that were not proven.

Tr. at 22:13-23:1; 25:18-26:7.

**{¶ 15}** Nevertheless, the trial court allowed the state to supplement the record to provide the Ohio Supreme Court case it believed prohibited the court from sealing the false, dismissed charges on G.K.'s record. Both parties finished briefing the issue on April 28, 2015. Thereafter, the case inexplicably sat dormant until February 11, 2019, when a newly appointed judge was assigned to the case.

**{¶ 16}** The newly assigned judge also held a hearing on G.K.'s application to seal his dismissed charges on August 16, 2019. The state maintained that the law does not permit records to be partially sealed, but was forthright that it otherwise did not have an interest in opposing G.K.'s request to seal. The trial court denied the application on September 23, 2019. The judgment entry stated:

Motion for expungement of criminal record, filed, $50, filed 08/15/2014, is denied. The court reviewed the briefs of the parties and a supplemental hearing was held on the record. Pursuant to Ohio Revised Cod 2953.61(A), defendant is not an eligible offender. The obstruction of justice charges [sic] at issue arose in conjunction with the charges that were dismissed.

**{¶ 17}** This appeal follows. G.K. asserts one assignment of error:

<u>Assignment of Error No. 1</u>

The trial court erred when it denied Appellant's application to seal the records related to the dismissed charges.

### III. LAW AND ANALYSIS

#### A. Standard of review.

{¶ 18} "'We review a trial court's decision on a motion to seal record for an abuse of discretion.'" *State v. Chudakoff*, 8th Dist. Cuyahoga No. 108770, 2020-Ohio-2723, ¶ 8, citing *State v. Krutowsky*, 8th Dist. Cuyahoga No. 81545, 2003-Ohio-1731, ¶ 10. A trial court abuses its discretion where its decision is unreasonable, arbitrary, or unconscionable. *Bales v. Forest River, Inc.*, 8th Dist. Cuyahoga No. 107896, 2019-Ohio-4160, ¶ 21, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 19} However, an abuse-of-discretion standard is not appropriate when a lower court's judgment is based on an erroneous interpretation of the law. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6. A trial court's interpretation of a statute is a question of law that we review de novo. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9.

{¶ 20} We will apply an abuse of discretion standard of review to the trial court's factual determinations related to G.K.'s motion to seal and a de novo standard to issues involving statutory interpretation of the relevant sealing statutes.

#### B. The statutes governing sealing of records.

{¶ 21} R.C. 2953.32 and 2953.52 govern the sealing of records. *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, ¶ 16. R.C. 2953.32 governs sealing of records after conviction. *Id.* G.K. concedes that

R.C. 2953.32 does not apply and thus, no further analysis is needed under that section.

{¶ 22} R.C. 2953.52 governs the sealing of records after certain dispositions other than a conviction. *Lyons* at ¶ 16. It provides, in relevant part:

> Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

{¶ 23} Both sealing statutes are subject to R.C. 2953.61, which provides, in relevant part:

> Except as provided in division (B)(1) of this section, a person charged with two or more offenses as a result of or in connection with the same act may not apply to the court pursuant to section 2953.32 or 2953.52 of the Revised Code for the sealing of the person's record in relation to any of the charges when at least one of the charges has a final disposition that is different from the final disposition of the other charges until such time as the person would be able to apply to the court and have all of the records pertaining to all of those charges sealed pursuant to section 2953.32 or 2953.52 of the Revised Code.

## C. Summary of the arguments.

{¶ 24} G.K. applied under R.C. 2953.52 to seal the several charges that were dismissed after DNA evidence revealed Moses was the sole perpetrator and the victim recanted her accusations against G.K. The trial court denied his application pursuant to R.C. 2953.61 because it determined that G.K. was not an eligible offender pursuant to R.C. 2953.32 and that "the obstruction of justice conviction arose in conjunction with the charges that were dismissed."

{¶ 25} G.K. argues that the trial court erred in applying R.C. 2953.61(A) instead of R.C. 2953.52 to his application. He contends that R.C. 2953.61(A) does not apply in this case because his dismissed charges did not arise "as a result of or in connection with the same act" that supported his conviction for obstructing justice. He further argues that he was not required to meet the definition of "eligible offender" set forth in R.C. 2953.31 to have the dismissed charges sealed because (1) that definition does not apply to applications brought under R.C. 2953.52, which authorizes "any person" to apply to have dismissed charges sealed, and (2) the limiting provision in RC. 2953.61(A) only refers to whether a conviction is statutorily excluded from being sealed under R.C. 2953.36 and not to whether the applicant is an eligible offender under R.C. 2953.31.

{¶ 26} The state argues that neither R.C. 2953.52 nor 2953.61 permit the sealing of a partially dismissed indictment and that G.K. is therefore not eligible to have his dismissed charges sealed. According to the state, only entire cases may be sealed, not individual charges. The state largely relies on the Ohio Supreme Court's ruling in *Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, in which the court held:

> [W]hen an applicant with multiple convictions under one case number moves to seal his or her criminal record in that case pursuant to R.C. 2953.32 and one of those convictions is statutorily exempt from sealing pursuant to R.C. 2953.36, the trial court may not seal the remaining convictions.

*Futrall* at ¶ 15.

**D. G.K. may apply to seal his dismissed charges under R.C. 2953.52.**

{¶ 27} R.C. 2953.52 permits sealing where the applicant (1) "is found not guilty of an offense by a jury or a court" or (2) "is the defendant named in a dismissed complaint, indictment, or information." In this case, G.K. accepted a plea deal where he agreed to plead guilty to a single amended obstruction of justice charge. The state nolled, or dismissed, the remaining charges, including those that were proven false. Thus, the threshold issue before us is whether the statute permits G.K.'s request to seal the dismissed charges in the indictment even though one charge resulted in a conviction. We find that it does.

{¶ 28} ""When the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written."" *State v. A.H.*, 8th Dist. Cuyahoga No. 108205, 2019-Ohio-5120, ¶ 7, quoting *V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, 71 N.E.3d 274 at ¶ 15, quoting *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, syllabus.

{¶ 29} However, when a statute's language is not clear and unambiguous, a court must look beyond the language to determine legislative intent. *Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, at ¶ 10. "When construing a statute, a court's objective is to determine and give effect to the legislative intent." *Pariag* at ¶ 10, citing *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees*, 72 Ohio St.3d 62, 65, 647 N.E.2d 486 (1995).

{¶ 30} Further, "[s]tatutes providing for the sealing of records 'are remedial and are, therefore, to be construed liberally to promote their purpose and assist the parties in obtaining justice.'" *State v. C.L.H.*, 10th Dist. Franklin No. 18AP-495, 2019-Ohio-3786, ¶ 14, quoting *State v. C.A.*, 10th Dist. Franklin No. 14AP-738, 2015-Ohio-3437, ¶ 11, citing *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622, 716 N.E.2d 204 (1999), citing R.C. 1.11. We must also interpret the sealing statutes in pari materia and construe them together because they both relate to the same subject matter. *See generally State ex rel. Gains*.

{¶ 31} We first find that R.C. 2953.52 is ambiguous. Then, we find that the legislature did not intend to prohibit requests for partial sealings, like G.K.'s.

### 1. R.C. 2953.52 is ambiguous.

{¶ 32} The state argues that the plain language of R.C. 2953.52 prohibits the sealing of individual charges within a case, which is what G.K. requests, because the statute requires courts to "[d]etermine whether the person was found not guilty in the case" or "the complaint, indictment, or information in the case was dismissed * * *." R.C. 2953.52(B)(2)(a)(i). According to the state's reading, the statute only permits entire complaints, indictments, or informations to be sealed as opposed to individual charges within those documents. It argues that G.K. is not eligible under R.C. 2953.52 because one of the charges against him in the indictment resulted in a conviction.

{¶ 33} At best, the state's argument reveals ambiguity within the statute that requires us to construe the legislature's intent. The state's interpretation overlooks

language in an earlier clause of the statute, which provides that "[a]ny person, who is found not guilty of an offense * * *" may apply "for an order to seal the person's official records in the case." R.C. 2953.52(A)(1). Whereas the later section the state cited refers to a finding of not guilty in a case, and arguably supports that only complete records can be sealed, the earlier section refers to a finding of not guilty of a single offense, and supports that individual charges within a case may be sealed.

{¶ 34} We acknowledge that the Fourth District has concluded that the defendant was not eligible to seal four dismissed counts in an indictment where he was found guilty of one count of rape. *State ex rel. Lewis v. Lawrence Cty.*, 95 Ohio App.3d 565, 642 N.E.2d 1166 (4th Dist.1994). The Tenth District came to a similar conclusion in holding that R.C. 2953.52 did not permit the trial court to order the sealing of a dismissed charge where a different dismissed charge in the same case could not be sealed. *In re K. J.*, 10th Dist. Franklin No. 13AP-1050, 2014-Ohio-3472, ¶ 31. Both courts reasoned that R.C. 2953.52 "requires that an indictment against the appellant be dismissed, not merely a count in an indictment." *Lewis* at 568. *See also K.J.* at ¶ 31. However, as with the state's argument, we find that such a reading overlooks ambiguity within the statute.

{¶ 35} We are also not persuaded by the state's reliance on *Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497. In *Futrall*, the court held that courts may not seal convictions under R.C. 2953.32 where another conviction in the same case is exempt from sealing pursuant to R.C. 2953.36. *Futrall* at syllabus. To support its conclusion that "the eligible convictions may not be separated from the

ineligible convictions for purposes of expungement," the court reasoned, in part, that it would be administratively infeasible to order the partial sealing of a record. *Id.* at ¶ 16. However, as G.K. points out, *Futrall's* analysis was limited to R.C. 2953.32. G.K. did not move to seal any convictions under R.C. 2953.32 and concedes that he is not eligible to do so. Furthermore, G.K.'s obstructing justice conviction is not exempt from sealing pursuant to R.C. 2953.36, as was the case with the conviction in *Futrall.* Rather, he is merely ineligible under R.C. 2953.31 to seek to have the obstructing justice conviction sealed pursuant to R.C. 2953.32 because of his felony drug conviction from 1996.

### 2. *The legislature did not intend to prohibit the sealing of individually dismissed charges.*

{¶ 36} Because we find R.C. 2953.52 to be ambiguous, we must "ascertain the General Assembly's intent in enacting the statute by considering several factors, including the spirit of the statute and relevant public-policy concerns." *State v. Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, 28 N.E.3d 1267, ¶ 12.

{¶ 37} Legislative history demonstrates that the legislature did not intend to prohibit applications like G.K.'s. When the General Assembly enacted 2013 S.B. 143 and amended the language of R.C. 2953.32, 2953.321, 2953.36, and 2953.61, it allowed for the sealing of individual convictions, and not that of just cases; thus, heeding to the late Chief Justice Moyer's plea in his concurring opinion in *Futrall.* *See Futrall*, 123 Ohio St. 3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 22 (Moyer, C.J., concurring). Because trial courts may seal individual convictions, we conclude

that the law would also allow for trial courts to seal individual charges that do not result in a conviction.

{¶ 38} This authorization is evidenced by the Legislative Service Commission's Final Analysis of 2013 S.B. 143. The Commission summarized that the Act "[c]hanges the language of that Law that refers to the sealing of records to clarify that the record sealing provisions apply with respect to individual convictions and bail forfeitures in a case and not just with respect to an entire case." https://www.lsc.ohio.gov/documents/gaDocuments/analyses130/14-sb143-130.pdf (accessed Aug. 24, 2020.)

{¶ 39} When discussing the operation of the act, the Commission stated:

> (2) It changes the language that currently refers to the sealing of the "conviction record," "records of the case," "official records pertaining to the case," "proceedings in the case," and similar language to clarify that the record sealing provisions apply with respect to individual convictions and bail forfeitures in a case and not just with respect to an entire case.

*Id.*, citing R.C. 2953.32, 2953.321.

{¶ 40} Additionally, we find further support that the General Assembly permits partial sealing because in R.C. 2953.61(B), addressing sealing of records when those offenses are connected with certain traffic-related offenses, the statute expressly provides: "In such a case, the court may not order that only a portion of the records be sealed." R.C. 2953.61(B). There is no such clear mandate in R.C. 2953.52.

{¶ 41} Interpreting the R.C. 2953.52 to permit sealing requests for partially dismissed indictments also presumes, as we must, that the legislature intended a

"just and reasonable result." *State v. White*, 142 Ohio St.3d 277, 2015-Ohio-492, 29 N.E.3d 939, ¶ 29, quoting R.C. 1.47(C). Consider two defendants charged in the same indictment where one was convicted of at least one charge and the other was wholly exonerated of the charges against him. By the state's statutory interpretation, the exonerated defendant would not be eligible to have his records sealed because he would not be a defendant in a dismissed indictment. The exonerated defendant's eligibility would be determined by his codefendant's behavior, not his own. Such a result would be unjust and unreasonable.

{¶ 42} Furthermore, the Supreme Court of Ohio has determined that "R.C. 2953.51 et seq. was enacted to protect the privacy of those found not guilty of a criminal offense." *State v. S.R.*, 63 Ohio St.3d 590, 595, 589 N.E.2d 1319 (1992), citing *State v. Grove*, 29 Ohio App.3d 318, 320, 505 N.E.2d 297 (1st Dist.1986). G.K. is the exact type of applicant whose privacy the legislature intended to protect. The rape, gross sexual imposition, and kidnapping charges at issue here were not only dismissed, but DNA evidence exonerated G.K. of those charges and the victim recanted her allegations that led to those charges.

{¶ 43} There is no indication that the legislature intended to prohibit the partial sealing of records under the circumstances in which G.K. finds himself. DNA evidence and the victim's recanted accusations exonerated him of the false sexual and kidnapping charges and the state dismissed those charges. But as long as the false charges remain public, G.K. must bear the inescapable social stigma they carry. Without any suggestion that the legislature intended such an unjust outcome, we

find that the sealing statutes do not preclude G.K.'s application to seal his dismissed charges merely because all but one of the charges against him were dismissed.

**E. R.C. 2953.61 does not prohibit G.K.'s application to seal the dismissed charges unrelated to the obstructing justice conviction.**

{¶ 44} Having found that G.K.'s application is proper under R.C. 2953.52, the next issue to discuss is whether the trial court erred in denying G.K.'s application pursuant to R.C. 2953.61. We find that it did. R.C. 2953.61 only affects the time a person may apply to have records sealed if (1) the person was charged with two or more offenses "as a result of or in connection with the same act"; (2) at least one of the connected charges is disposed of differently; and (3) one of the differently disposed, but connected, charges is exempt from sealing pursuant to R.C. 2953.36. *Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, at ¶ 21.

{¶ 45} Regarding the first element, the Ohio Supreme Court has determined that "'same act' plainly refers to the 'same conduct.'" *Pariag* at ¶ 16. G.K. was charged with multiple offenses that resulted in different dispositions — one conviction and six dismissals. We find that one of the dismissed charges, the tampering with evidence charge, arose from the same conduct as the differently disposed obstructing justice conviction. However, because the obstructing justice conviction is not exempt from sealing under R.C. 2953.36, we ultimately find that

the trial court erred in relying on R.C. 2953.61 to deny G.K.'s application to seal the dismissed charges.

> ### 1. The trial court abused its discretion in finding that the dismissed rape, gross sexual imposition, and kidnapping charges arose from the same conduct as the obstructing justice conviction.

{¶ 46} We will first discuss whether the court abused its discretion in finding that the "obstruction of justice charges at issue arose in conjunction with the charges [sic] that were dismissed." We agree that the dismissed tampering with evidence charge arose from the same conduct as the obstruction of justice conviction. However, we find that the trial court abused its discretion in finding that the dismissed rape, gross sexual imposition, and kidnapping charges arose in connection with the obstruction conviction.

{¶ 47} The acts that supported the obstruction of justice conviction are distinctly separate in time, place, and nature from the rape, gross sexual imposition, and kidnapping charges. The obstructing justice conviction was for an offense dated between July 22, 2009, and August 6, 2009. The rape, gross sexual imposition, and kidnapping charges were for offenses dated June 20, 2009, at least one month before the offense date for the obstructing justice charge. The difference in dates demonstrates that the alleged conduct related to the false dismissed sexual and kidnapping charges did not arise from the same conduct that gave rise to the obstructing justice conviction.

{¶ 48} Further, the record demonstrates that the obstructing justice charge arose because G.K. hid Moses's computer in his home and the police officers had to

obtain a warrant to find the computer, which did not yield any evidence.  In contrast, the rape, gross sexual imposition, and kidnapping charges arose out of the false allegations that G.K. harmed Moses's daughter.  Thus, the trial court abused its discretion in concluding that the rape, gross sexual imposition, and kidnapping charges "arose in conjunction" with the obstruction of justice charge.

{¶ 49} However, we do not find an abuse of discretion in concluding that the tampering with evidence charge arose from the same conduct that supported the obstruction conviction.  Given that the tampering charge and obstruction conviction shared an offense date and that the charges are generally similar in nature, we find that the trial court did not abuse its discretion in concluding that the tampering with evidence charge arose from the same conduct as the obstructing justice charge.

### 2.  The trial court erred in finding that R.C. 2953.61 precluded G.K.'s application based on its reasoning that G.K. is not an eligible offender under R.C. 2953.32.

{¶ 50} We next consider whether the trial court erred in denying G.K.'s application pursuant to R.C. 2953.61 because G.K. is not an eligible offender under R.C. 2953.32.  We find that it did.  Even though the tampering with evidence charge arose from the same conduct as the obstructing justice conviction, we find that R.C. 2953.61 does not prohibit G.K. from seeking to have any of the dismissed charges sealed because his obstructing justice conviction is not exempt from sealing under R.C. 2953.36.

{¶ 51} G.K. does not dispute that he is not an eligible offender pursuant to R.C. 2953.32 and therefore may not seek to have the obstruction of justice conviction

sealed under that statute. However, whether G.K. is an eligible offender pursuant to R.C. 2953.32 does not determine whether R.C. 2953.61 precludes an application to seal records under R.C. 2953.52.

{¶ 52} The Ohio Supreme Court has determined that R.C. 2953.61 is unambiguous:

> A trial court is precluded from sealing the record of a dismissed charge pursuant to R.C. 2953.61 if the dismissed charge arises "as the result of or in connection with the same act" that supports a conviction that is exempt from sealing under R.C. 2953.36, regardless of whether the charges are filed under separate case numbers.

*Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, at ¶ 21, quoting R.C. 2953.61.

{¶ 53} Accordingly, the fact that the tampering charge and obstruction conviction are related is immaterial because G.K.'s obstructing justice conviction is not exempt from sealing under R.C. 2953.36, which lists specific violations of the Revised Code that cannot be sealed. None of the statutes listed in R.C. 2953.36 includes a conviction for obstructing justice under R.C. 2921.32. Therefore, because G.K.'s conviction for obstructing justice is not exempt from sealing under R.C. 2953.36, R.C. 2953.61 does not preclude his application to seal his dismissed charges under R.C. 2953.52 regardless of the connection between the dismissed tampering charge and the single obstruction conviction.

{¶ 54} We also note that although G.K.'s 1996 conviction for felony-one drug possession is exempt from sealing pursuant to R.C. 2953.36(A)(7), because it is a felony of the first-degree, the drug conviction bears absolutely no connection to any

of the dismissed charges in the instant case and thus does not bar the sealing of any

of the dismissed charges under R.C. 2953.61.

{¶ 55} Accordingly, G.K.'s assignment of error is sustained.

**F. Whether G.K. is entitled to have his dismissed charges sealed under R.C. 2953.52.**

{¶ 56} We find that (1) G.K. is eligible to seek to have his dismissed charges sealed under R.C. 2953.52 and (2) that R.C. 2953.61 does not preclude his application. On remand, the trial court must consider the remaining requirements of R.C. 2953.52 and determine whether G.K.'s application can be granted.

{¶ 57} Upon the filing of an application to seal dismissed charges,

> "R.C. 2953.52(B)(2) requires the trial court to: (1) determine whether the applicant was found not guilty or whether the complaint, indictment, or information was dismissed; (2) determine whether criminal proceedings are pending against the applicant; and (3) determine whether the prosecutor filed an objection in accordance with R.C. 2953.52(B)(1) and to consider the prosecutor's reasons for the objection. Ultimately, the trial court must weigh the interest of appellant in having his records sealed against the legitimate need of the government to maintain those records. R.C. 2953.52(B)(2)(d). If the trial court determines that appellant's interest in having these records sealed are not outweighed by the government's interest in maintaining the records, then the trial court shall issue an order sealing the records. R.C. 2953.52(B)(3)."

*State v. Andrasek*, 8th Dist. Cuyahoga No. 81398, 2003-Ohio-32, ¶ 10, quoting *State v. Newton*, 10th Dist. Franklin Nos. 01AP-1443 and 01AP-1444, 2002-Ohio-5008, ¶ 7.

{¶ 58} The record demonstrates that the charges G.K. seeks to have sealed were dismissed, thus satisfying the first requirement. As to the second requirement, nothing in the record indicates that there are pending criminal proceedings against

G.K. Regarding the third requirement, the record demonstrates that the prosecutor objected to G.K.'s application, but candidly expressed almost no interest in keeping the dismissed charges open. In fact, at the hearing on August 16, 2019, the prosecutor honestly stated:

> I don't have an interest why the records shouldn't be sealed, other than the fact that the law says that they can't be sealed.

Tr. 57:3-6.

{¶ 59} The state did not argue otherwise in this appeal and still has not expressed any interest in maintaining records of the dismissed charges G.K. seeks to have sealed. Having determined that the law does not prohibit the sealing of G.K.'s dismissed charges, the assistant prosecutor plainly admitted that the state has no interest in maintaining records of the false charges, which the trial court accurately described as "clearly salacious, scandalous accusations." Tr. 26:5-6.

{¶ 60} On remand, the trial court must determine whether there are any criminal proceedings pending against G.K. to satisfy the second requirement. The trial court must also consider the third requirement on remand and determine whether G.K.'s interest in sealing the dismissed charges outweighs the state's interest in maintaining them.

**G. The judiciary's inherent authority to seal records.**

{¶ 61} Finally, we address alternative grounds for this appeal. Even if the state's interpretation of R.C. 2953.52 is correct and the legislature did not leave room for applicants like G.K., who had all but one charge within an indictment dismissed, G.K. would not be left without a means of relief.

**{¶ 62}** "A person convicted of a crime has no substantive right to have the record of that conviction sealed. The sealing of the record of a conviction 'is an act of grace created by the state.'" *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, 71 N.E.3d 274, ¶ 13, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996). However, where (1) the legislature does not expressly authorize or prohibit a particular request to seal and where (2) "unusual and exceptional circumstances" exist, the judiciary has inherent authority to order the sealing of records.[2] *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 376, 421 N.E.2d 1303 (1981).

**{¶ 63}** If G.K.'s application falls outside the purview of R.C. 2953.31, his case merits the rare exercise of inherent authority because the horrific charges were proved to be false and it would not serve justice to require G.K. to continue to live with these unspeakable stains on his record. G.K. was falsely accused of committing horrendous sexual crimes against his cousin's young daughter. Those false

---

[2] This court has previously stated that "*Pepper Pike* has been superseded by statute and was expressly recognized as an exceptional case even at the time it was announced." *State v. A.H.*, 8th Dist. Cuyahoga No. 108205, 2019-Ohio-5120, ¶ 12, citing *State v. Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, ¶ 23-25. Both *A.H.* and *Radcliff* also recognized that "[a]lthough the judicial power to seal criminal records still exists, 'it is limited to cases where the accused has been acquitted or exonerated in some way and protection of the accused's privacy interest is paramount to prevent injustice.'" *State v. Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, ¶ 27, quoting *State v. Chiaverini*, 6th Dist. Lucas No. L-00-1306, 2001 Ohio App. LEXIS 1190, 2001 WL 256104, *2 (Mar. 16, 2001); *In re A.H.* at ¶ 12. Perhaps more significantly, both cases involved applications to seal convictions (a pardoned conviction in the case of *Radcliff*), not dismissed charges, and determined that the sealing statutes prohibit the type of sealing requested in those cases. We would invoke judicial authority in this case only to the extent that the sealing statutes do not bar [G.K.]'s application, but also do not provide him an avenue of relief.

allegations have clung to him for over ten years. G.K. is without statutory relief and should not have to continue to carry the shame of these dismissed, false charges any longer. Pursuant to the inherent judicial authority set forth in *Pepper Pike*, we alternatively find that he would qualify to have the dismissed charges sealed subject to the trial court's determination of the *Pepper Pike* balancing test on remand, which the third requirement of R.C. 2953.52 has codified. *Pepper Pike. State v. Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, ¶ 24.

{¶ 64} In *Pepper Pike*, the Supreme Court established a balancing test requiring trial courts to weigh "the interest of the accused in his good name and right to be free from unwarranted punishment against the legitimate need of government to maintain records." *Id.* at 377. "Where there is no compelling state interest or reason to retain the judicial and police records, * * * the accused is entitled to this remedy." *Id.* The court cautioned, however, that "this is the exceptional case" and that courts should not construe the decision "to be a carte blanche for every defendant acquitted of criminal charges." *Id*; s*ee also Schussheim* at ¶ 16 (applying *Pepper Pike* but recognizing that courts are limited in the exercise of this inherent authority). *Pepper Pike* based this inherent authority on the constitutional right to privacy. *Id.* at 377.

{¶ 65} Assuming, in the alternative, that (1) there is no Ohio statute that expressly authorizes the sealing of records where, as here, G.K. pled guilty to one charge in an indictment and the state dismissed all the other charges in the same indictment, and that (2) Ohio's sealing statutes do not prohibit the partial sealing

that G.K. requests, we next consider whether unusual and exceptional circumstances exist to permit the exercise of inherent judicial authority. We find that such circumstances do exist.

{¶ 66} In *Pepper Pike*, the Ohio Supreme Court invoked extrastatutory authority to seal records of dismissed charges that were brought purely to harass and vex the defendant. *Pepper Pike v. Doe*, 66 Ohio St.2d at 377. *Pepper Pike* was decided before the legislature enacted R.C. 2953.52, which now authorizes the sealing of dismissed charges. Before R.C. 2953.52 was enacted, the legislature only authorized the sealing of convictions pursuant to R.C. 2953.32.

{¶ 67} Similar to the defendant in *Pepper Pike*, if R.C. 2953.52 does not permit G.K.'s request because the entire indictment was not dismissed, G.K. would have no statutory avenue for relief. Accordingly, G.K.'s circumstance would present the exact sort of unusual and exceptional circumstance that permits courts to invoke inherent judicial authority. But that alone is not what makes G.K.'s application unique and exceptional.

{¶ 68} The state charged G.K. with multiple offenses for heinous acts that not only were ultimately dismissed, but also DNA evidence exonerated G.K. and the victim recanted her allegations that lead to these charges. Other than its legal objection to partial sealings, which we have determined is without merit, the state admittedly has no legitimate need in maintaining a record of the dismissed charges, thus raising unique and exceptional circumstances required to invoke inherent judicial authority.

{¶ 69} Even on this alternative ground, our instructions on remand are largely the same because R.C. 2953.52 has codified the balancing test set forth in *Pepper Pike*. *State v. Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, ¶ 24.

## IV. CONCLUSION

{¶ 70} The judgment of the trial court is reversed and the matter is remanded for further consideration of the remaining requirements set forth in R.C. 2953.52. Specifically, the trial court must consider whether there are any pending criminal proceedings pending against G.K. and whether G.K.'s interests in having his records sealed are stronger than the government's need to maintain the records. If the trial court confirms that there are no pending criminal proceedings and determines that G.K.'s interests outweigh those of the state, then the trial court shall issue an order sealing the records.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., CONCURS WITH SEPARATE OPINION; MICHELLE J. SHEEHAN, J., DISSENTS WITH SEPARATE OPINION


KATHLEEN ANN KEOUGH, P.J., CONCURRING WITH SEPARATE OPINION:

{¶ 71} I concur with the lead opinion's decision to reverse the trial court's decision denying G.K.'s application to seal the records related to the dismissed charges in Cuyahoga C.P. No. CR-09-526944-B. I also concur with the majority's decision to remand the matter to the trial court for further consideration. I write separately to express my concern about how we got here and what could be done to prevent a miscarriage of justice in these types of cases.

{¶ 72} G.K. was charged with his codefendant in a 23-count indictment — an indictment where it was determined that his codefendant committed all the most egregious crimes. G.K. accepted a "plea deal" with the state where he agreed to plead guilty to an obstruction of justice charge, a fifth-degree felony, and the state would nolle or dismiss the remaining charges against G.K. The state waved a dangling carrot before G.K., who believed that the dismissal of the sexually based offenses in exchange for a plea to a fifth-degree felony was exoneration.

**{¶ 73}** I agree with the original trial court judge that this was not a situation where the "plea agreement" was a deal where G.K. obtained a benefit. The court stated:

> I could see in a case where a negotiated plea bargain takes place, and counts are dismissed in exchange for an admission of guilt on either one of the counts that was brought forth in the indictment, or a lesser included count. But in this case, if what [defense counsel] is outlining is true and the dismissed counts that were initially brought from a grand jury, based on information that was later proven false, now it's just on the record, are now hampering his client's ability to be employed, at no fault of his own. What public policy is advanced in not sealing the claims that were not only not proven, but during the discovery phase of the case determined to be false, if [defense counsel] is representing the facts correctly, and — were based on accusations that were later recanted?

(Tr. 22-23.) In my opinion, the state used false charges as a bargaining chip, and unfortunately, G.K. and his counsel did not realize the unintended consequences of his plea. Therefore, I question whether G.K. made a knowing, intelligent, and voluntary plea.

**{¶ 74}** The state charged G.K. with multiple offenses for heinous acts that not only were ultimately dismissed, but also DNA evidence exonerated G.K. and the victim recanted her allegations that led to these charges. It is my belief that when this occurred, the state had the obligation to dismiss the entire indictment against G.K. and reindict him only for the offenses that the state felt it could prove beyond a reasonable doubt or where the interest of justice demanded, which I find lacking.

**{¶ 75}** At the hearing on G.K.'s motion to seal, counsel revealed that the obstruction offense was based on the purported delay in turning over his codefendant's computer after the police asked G.K. to retrieve it for them. The

computer did not lead to any evidence against G.K.'s codefendant in furtherance of prosecution. Accordingly, in my view and contrary to the finding made by the trial court and the dissent, the obstruction offense did not arise "in conjunction with" the sexual-based offenses that the state dismissed *against* G.K. Additionally, any delay caused by G.K. in the recovery of the computer proved to be insignificant because its contents did not lead to any evidence against the codefendant or G.K. The prosecution was not obstructed by any conduct by G.K.

{¶ 76} By the time G.K. agreed to bite at the dangling carrot, his codefendant was already convicted and sentenced to 60 years for the heinous acts — the state received its pound of flesh. What justice was served by G.K.'s guilty plea to a fifth-degree felony charge of obstruction? In my opinion, the case against G.K. should have been dismissed in its entirety.

{¶ 77} I also find problematic that G.K. and his codefendant were indicted under the same charging instrument and were comingled under multiple counts, i.e. both G.K. and his codefendant were charged with obstruction of justice in the same count that G.K. ultimately pleaded guilty. G.K.'s codefendant accepted a plea agreement and pleaded guilty to multiple offenses in the indictment. Accepting the dissent's position, G.K. would be ineligible for sealing of the record regardless of his plea deal or even if all offenses were dismissed because sealing the record for G.K. would amount to partial sealing of a case. Clearly, the General Assembly could not have intended this result, but as the dissent states unequivocally, "cases are sealed, not convictions."

{¶ 78} Finally, as the lead opinion points out, the state has almost no interest in keeping the dismissed charges open or any interest in maintaining these records against G.K. The state's only objection is that G.K. is not eligible under R.C. 2953.52 and 2953.61 and because the law does not allow for partial sealings. In my opinion, justice requires that G.K. is entitled to some relief because the predicament that G.K. faces is based on overzealous prosecution and unintended consequences in taking a "plea deal" that proved to be no deal at all. G.K.'s situation could not have been envisioned by the General Assembly when it enacted or amended R.C. 2953.52. The position adopted by the dissent will result in an injustice that the legislature could not have intended. And when the legislature is silent on a matter like G.K.'s, a court should, without objection, invoke its inherent judicial authority to seal the record of the dismissed charges. I find no public interest is served in keeping these false charges on G.K.'s record.

MICHELLE J. SHEEHAN, J., DISSENTING:

{¶ 79} Because I would find that R.C. 2953.61 precludes appellant from having the partially dismissed indictment sealed, and R.C. 2953.52 provides for the sealing of cases, not individual charges within a case, I respectfully dissent.

{¶ 80} Appellant, G.K., Sr., entered a plea bargain on the day of trial, September 27, 2010, in which he pleaded guilty to one of several charges in the indictment. On that same day, the state nolled the remaining charges in exchange for his plea. In 1996, appellant was convicted of a first-degree felony possession of drugs. He admits he cannot have his conviction for obstruction of justice sealed

because he is an ineligible offender under R.C. 2953.32, the statute that provides for the sealing of convictions.

{¶ 81} After the indictment, appellant filed several motions that shed light on the basis of the indicted charges. The sexual assault charges in the indictment were based upon statements from the victim that G.K. participated when her father raped her in the kitchen. The victim is the codefendant's 37-year-old cognitively impaired daughter. According to G.K.'s Supplemental Motion for Separate Trials, his cousin and codefendant, Moses, provided a statement to the police that G.K. was present and left alone for a period of time with the victim on the day of the incident.

{¶ 82} In 2015, at the first hearing on the motion to seal at issue in this appeal, the trial judge listened to the arguments, and wavered on finding that the charges were "false" or that DNA evidence "exonerated" appellant. The trial judge did opine that "if" that were the case, then he could not see public policy furthered by not sealing the charges dismissed in this case, but allowed the parties to provide supplemental briefing and caselaw.

{¶ 83} In 2019, at the second hearing on the motion before a successor judge, appellant testified, which testimony forms the basis of the majority opinion that the charges were "false." This case has a limited record regarding the basis of the underlying charges other than witness statements filed with the court and appellant's motions referencing the statement of the codefendant that appellant was present. Lacking is any explanation from the state as to why the plea agreement was reached, leaving us without a clear record of why the charges were dismissed — were

the allegations "false" or was the state left without evidence to prove the charges beyond a reasonable doubt. Instead, our review is constrained by the limited factual record in this case.

{¶ 84} However, the legal issue of whether nolled charges can be sealed in a case where unsealable convictions remain has arisen in the past, and courts reviewing the statutory structure have found the law does not allow for the sealing of the charges.

{¶ 85} In his Motion to Seal Records Related to Dismissed Charges, appellant asked to seal only those charges dismissed as part of his plea bargain. R.C. 2953.52, entitled "Sealing of official records after not guilty finding, dismissal of proceedings or no bill," provides that

> [a]ny person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

R.C. 2953.52(A)(1). The statute therefore permits "[a]ny person" to apply to seal the records of a dismissed complaint "at any time" after the dismissal, subject only to R.C. 2953.61.

{¶ 86} However, R.C. 2953.61 precludes the sealing of a partially dismissed indictment where a conviction under that indictment cannot be sealed. G.K. admits that his conviction for obstruction of justice cannot be sealed because he is not an

eligible offender due to his past conviction. Regardless of whether an applicant is an ineligible offender to have his conviction sealed, or the conviction sought to be sealed is precluded from sealing under R.C. 2953.36, R.C. 2953.61 precludes the sealing of dismissed charges where they arose in conjunction with the conviction that cannot be sealed.

{¶ 87} In *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 7, the Ohio Supreme Court found that a dismissed charge could not be sealed when it "arises 'as a result of or in connection with the same act'; that supports a conviction when the records are not sealable under R.C. 2953.36, regardless of whether the dismissed charge and conviction are filed under separate case numbers." The Supreme Court explained the meaning of R.C. 2953.61:

> In other words, when multiple offenses have different dispositions, an application to seal a record may be filed only when the applicant is able to apply to have the records of all the offenses sealed. *Thus, if the record of one charge cannot be sealed, any charges filed as a result of or in connection with the act that resulted in the unsealable charge ca nnot be sealed.*

(Emphasis added.) *Id.* at ¶ 17. The Supreme Court remanded the case to the trial court to determine if the drug charges arose "'as the result of or in connection with the same act'" as the traffic violation. *Id.* at ¶ 22, quoting R.C. 2953.61. The court noted that R.C. 2953.61 "focuses not on when separate offenses occurred, but on whether they arose from the same conduct of the applicant." *Pariag* at ¶ 20.

{¶ 88} In this case, the trial court found, "[t]he obstruction of justice charges [sic] at issue arose in conjunction with the charges that were dismissed." It is

apparent that the obstruction of justice charge and the tampering with evidence charge related to the same conduct. Moreover, the charges are "as a result of or in connection with" the allegations of rape. *Id.* In other words, G.K. would not have been charged with obstruction of justice had there not been a rape investigation. As noted by the majority, appellant's conviction for obstruction of justice and the dismissal of the charge of tampering with evidence cannot be sealed. Therefore, pursuant to R.C. 2953.61, the partially dismissed indictment in this case is not subject to sealing. This result is dependent on appellant and his conduct, not his codefendant's. Even had appellant's cousin been acquitted after trial, rather than entering a plea of guilty, the result would be the same because appellant cannot have his conviction in this case sealed, the records of his case cannot be sealed.

{¶ 89} In addition to being ineligible for sealing under R.C. 2953.61, the charges nolled by the plea bargain are not subject to sealing where the sealing would order only part of his case record to be sealed. In *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 21, the Ohio Supreme Court held that an applicant with multiple convictions in one case may not partially seal his or her record, pursuant to R.C. 2953.32, when one of the convictions is statutorily exempt from being sealed under R.C. 2953.36. In so holding, the Supreme Court explained the "impractical reality" of sealing only certain convictions within a case, and it concluded that the "General Assembly[ ] intend[ed] to authorize the sealing of cases, not the sealing of individual convictions within cases." *Id.* at ¶ 20.

**{¶ 90}** Reiterating the General Assembly's intent to authorize the sealing of cases, rather than charges within a single case, several courts of appeal have read the statute to preclude partial sealing of records. Following *Futrall*, the Tenth District Court of Appeals explained:

> R.C. 2953.52(B)(4) states that, when a person is found not guilty in a case, or where a complaint, indictment, or information in a case is dismissed, or where a no bill is returned by a grand jury, and the applicant otherwise satisfies the requirements of R.C. 2953.52, "the court shall issue an order directing that all official records pertaining to the case be sealed and that * * * the proceedings in the case be deemed not to have occurred." *R.C. 2953.52(B)(4) specifically states that all official records pertaining to the case must be sealed; it does not state that records pertaining to an individual charge may be sealed.* It would not be possible for the trial court in the instant case to seal all of the official records pertaining to case No. 12CRB-27701, while at the same time ordering that the official records of the open container charge contained within case No. 12CRB-27701 be maintained. R.C. 2953.61 also provides that, when R.C. 2953.61 is applicable, the applicant may not apply to the court for the sealing of his record "in any of the cases until such time as he would be able to apply to the court and have all of the records in all of the cases pertaining to those charges sealed." * * * *Thus, R.C. 2953.52 and 2953.61 demonstrate the General Assembly's intent to authorize the sealing of cases, and not the sealing of individual charges within a case.*

(Emphasis added.) *In Re K.J.*, 10th Dist. Franklin No. 13AP-1050, 2014-Ohio-3472, ¶ 31, citing *Futrall* at ¶ 20; *see also State v. C.K.J.*, 2016-Ohio-5637, 70 N.E.3d 1087, ¶ 24 (10th Dist.).

**{¶ 91}** This interpretation of the law is consistent with other districts. In *State v. Selesky*, 11th Dist. Portage No. 2008-P-0029, 2009-Ohio-1145, ¶ 22, the Eleventh District Court of Appeals held that an applicant who had a charge that could not be sealed pursuant to R.C. 2953.36(B), could not have other parts of the

case sealed because he could not "satisfy the requirement of R.C. 2953.61, 'to apply to the court *and* have all of the records in all of the cases pertaining to those charges sealed' (Emphasis added.)" In *State v. Capone*, 2d Dist. Montgomery No. 20134, 2004-Ohio-4679, ¶ 8, the Second District Court of Appeals held that because the defendant's case was not dismissed, "his records could not be expunged. Therefore, under R.C. 2953.61, [the defendant's] records could not be sealed because all of the charges in the case did not qualify to be sealed[.]" In *State ex rel. Lewis v. Lawrence Cty.*, 95 Ohio App.3d 565, 642 N.E.2d 1166 (4th Dist.1994), the court found that

> [a]lthough several counts in the indictment against appellant were either dismissed or nolle prosequi, neither a complaint nor an indictment was dismissed against appellant. In other words, the statute requires that an indictment against the appellant be dismissed, not merely a count in an indictment.

{¶ 92} Prior courts interpreting the sealing statutes in a case such as this one where appellant seeks sealing some charges in a case, have not found the statutes to be ambiguous. Nor have the amendments to R.C. 2953.32 rendered R.C. 2953.52 or 2953.61 ambiguous. Am.Sub.S.B. No. 143, 2014 Ohio Laws File 140, effective September 19, 2014, changed the language of R.C. 2953.32, not R.C. 2953.52. If the General Assembly intended to change R.C. 2953.52 or 2953.61 to allow for sealing charges under an indictment dismissed in a case where the remaining charges could not be sealed, the legislature could have done so. It did not explicitly do so.

{¶ 93} The issue of whether nolled charges in a case where convictions remain unsealable arises frequently. This case highlights the complexity of the statutes and unique nature of each case. Because the plain language of the statutes

regarding sealing dismissed indictments are not ambiguous, and the above-cited Ohio Supreme Court analysis is persuasive, I would affirm the trial court's denial of appellant's Motion to Seal Records Related to Dismissed Charges.