[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. G.K.*, Slip Opinion No. 2022-Ohio-2858.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2858

THE STATE OF OHIO, APPELLANT, *v*. G.K., APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. G.K.*, Slip Opinion No. 2022-Ohio-2858.]**

*Criminal law—R.C. 2953.52—Sealing of court records in criminal cases—Under the plain language of the statutes governing the sealing of court records in criminal cases, records of dismissed counts in an indictment may not be sealed until records of counts in the indictment for which the offender was convicted are eligible to be sealed—A court does not have inherent authority to seal records when the legislature has enacted specific legislation governing the sealing of the records at issue—Court of appeals' judgment reversed and trial court's judgment reinstated.*

(No. 2021-0124—Submitted February 8, 2022—Decided August 19, 2022.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 109058, 2020-Ohio-5083.

_____

**DEWINE, J.**

{¶ 1} This case requires us to interpret the statutes that control the sealing of court records in criminal cases. The offender in this case was indicted on multiple counts. He pleaded guilty to one count, and the state dismissed the remaining counts as part of a plea deal. Everyone agrees that at the time the offender filed his application to seal, he was not eligible to have the record of his conviction sealed. The question before us is whether the offender could nonetheless apply to have the record of the dismissed counts sealed. We conclude that he may not. Under the plain language of the statutes governing sealing, the dismissed counts in the indictment may not be sealed until the conviction is eligible to be sealed. The court of appeals reached the opposite conclusion, so we reverse its judgment.

## I. G.K. pleads guilty to one count of a multiple-count indictment

{¶ 2} G.K. and his cousin George Moses were named as codefendants in a 2009 indictment. Moses was accused of raping his cognitively impaired adult daughter. The victim initially said that G.K. had also raped her. Based on that allegation, G.K. was charged with three counts of rape, one count of gross sexual imposition, and one count of kidnapping. G.K. also helped hide Moses's computer from the police, allegedly to conceal evidence of an attempted rape. As a consequence, the state charged G.K with obstructing justice and tampering with evidence.

{¶ 3} G.K. reached a plea deal with the state. He pleaded guilty to the obstructing-justice charge, the state dismissed the remaining charges against him, and the judge sentenced him to community control. According to G.K.'s attorney, the state agreed to the deal because its investigation revealed that G.K. had not assaulted Moses's daughter. Moses, on the other hand, entered guilty pleas to multiple counts of rape and kidnapping and was sentenced to 60 years in prison.

## II. The statutes governing the sealing of criminal records

{¶ 4} In August 2014, G.K. filed an application in the Cuyahoga County Common Pleas Court to have the record of the dismissed counts in the indictment against him sealed.[1] There are three relevant statutes that govern the sealing of court records in criminal cases. An overview of these statutes is helpful to understanding the proceedings below.

### A. The conviction-sealing statute

{¶ 5} A criminal record containing a conviction may be sealed under certain circumstances. Former R.C. 2953.32, 2012 Am.Sub.S.B. No. 337, which we will refer to as the "conviction-sealing statute," outlines the requirements for a conviction record to be sealed. First, an offender must qualify as an "eligible offender" based on the number and type of his prior convictions, *see* former R.C. 2953.31(A), 2012 Am.Sub.S.B. No. 337, and the crime itself must be eligible for sealing, *see* former R.C. 2953.36, 2012 Am.Sub.S.B. No. 337. Then, once the applicable statutory waiting period for the crime of conviction has expired, "an eligible offender may apply to the sentencing court * * * for the sealing of the conviction record." Former R.C. 2953.32(A)(1). The statute provides a list of factors for the court to consider in determining whether to seal the record of the conviction. *See* former R.C. 2953.32(C)(1). If the court determines that the offender is eligible for sealing and that the statutory factors support sealing, the court "shall order all official records pertaining to the case sealed" and "all index references to the case deleted." Former R.C. 2953.32(C)(2). In that event, "[t]he proceedings in the case shall be considered not to have occurred." *Id.*

---

1. The parties agree that the law in effect at the time that G.K. filed his application controls in this case. *See State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, paragraph two of the syllabus (the statutory law in effect at the time of filing an application to seal criminal records is controlling).

### B. The nonconviction-sealing statute

**{¶ 6}** A different statute applies to sealing records of acquittals and dismissals. R.C. 2953.52 (the "nonconviction-sealing statute") states: "Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case." R.C. 2953.52(A)(1). Similarly, when a grand jury returns a "no bill" in a criminal case, declining to indict the named defendant, that person may apply to seal the official records in the case. R.C. 2953.52(A)(2).

**{¶ 7}** The trial court is required to make several findings before sealing records under this provision. First, the court must determine whether one of three dispositions has taken place: (1) "the person was found not guilty in the case," (2) "the complaint, indictment, or information in the case was dismissed," or (3) "a no bill was returned in the case." R.C. 2953.52(B)(2)(a)(i). Additionally, certain time periods must have passed with respect to dismissals and no bills. *See id.*; R.C. 2953.52(B)(2)(a)(ii). Next, the court must find that there are no criminal charges pending against the applicant. R.C. 2953.52(B)(2)(b) and (B)(4). The court must also consider any written objections filed by the prosecutor. R.C. 2953.52(B)(2)(c). And the court must weigh "the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records." R.C. 2953.52(B)(2)(d). If the statutory requirements have been met and the trial court finds that the interests weigh in favor of sealing, "the court shall issue an order directing that all official records pertaining to the case be sealed and that * * * the proceedings in the case be deemed not to have occurred." R.C. 2953.52(B)(4).

### C. The multicount-sealing provision

**{¶ 8}** Different counts in an indictment will sometimes be resolved in different ways. R.C. 2953.61 ("the multicount-sealing provision") addresses the

sealing of related charges that had different dispositions. At the time G.K. filed his application, that section provided,

> When a person is charged with two or more offenses as a result of or in connection with the same act and at least one of the charges has a final disposition that is different than the final disposition of the other charges, the person may not apply to the court for the sealing of his record in any of the cases until such time as he would be able to apply to the court and have all of the records in all of the cases pertaining to those charges sealed * * *.

Former R.C. 2953.61, Am.Sub.H.B. No. 175, 142 Ohio Laws, Part II, 2554, 2562.[2]

{¶ 9} We have explained that under the multicount-sealing provision, "when multiple offenses have different dispositions, an application to seal a record may be filed only when the applicant is able to apply to have the records of all the offenses sealed." *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 17. This conclusion rests on the plain language of the provision: when a person is charged with related counts that are resolved in different ways, the person "may not apply to the court for the sealing of his record in any of the cases until such time as he would be able to apply to the court and have all of the records in all of the cases pertaining to those charges sealed." Former R.C. 2953.61. In short,

---

2. The lower courts relied on subsection (A) of the current version of R.C. 2953.61. That provision is substantially similar to the former version. R.C. 2953.61(A) now reads:

> [A] person charged with two or more offenses as a result of or in connection with the same act may not apply to the court pursuant to section 2953.32 or 2953.52 of the Revised Code for the sealing of the person's record in relation to any of the charges when at least one of the charges has a final disposition that is different from the final disposition of the other charges until such time as the person would be able to apply to the court and have all of the records pertaining to all of those charges sealed pursuant to section 2953.32 or 2953.52 of the Revised Code.

when multiple counts stem from the same act, an applicant is not eligible to have any of the counts sealed until he is eligible to have them all sealed. *See Pariag* at ¶ 17.

### III. The trial court denies G.K.'s application to seal, and the court of appeals reverses

{¶ 10} At a hearing on his application, G.K. conceded that he was not eligible at that time to have his obstructing-justice conviction sealed because of his prior criminal record. *See* former R.C. 2953.31(A). But he maintained that the trial court could seal the portions of the record pertaining to the dismissed charges pursuant to the nonconviction-sealing statute.

{¶ 11} The state responded that the nonconviction-sealing statute permits a court to seal a record only when the applicant was acquitted or the entire indictment was dismissed, neither of which happened in G.K.'s case. And the state contended that in addition to that barrier, the multicount-sealing provision prevented the court from sealing only part of the record.

{¶ 12} The trial court denied the motion to seal based on the multicount-sealing provision. It found that the obstructing-justice charge arose "in conjunction with" the dismissed charges. *See* R.C. 2953.61. Therefore, the trial court concluded that the dismissed charges could not be sealed until G.K.'s conviction for obstructing justice was eligible for sealing.

{¶ 13} G.K. appealed, and a divided panel of the Eighth District Court of Appeals reversed the trial court's judgment denying his application to seal. 2020-Ohio-5083, 161 N.E.2d 824. The court of appeals determined that (1) the nonconviction-sealing statute authorized the sealing of records of individual counts within a multicount indictment and (2) the multicount-sealing provision did not preclude sealing a portion of the record even though G.K. was ineligible to have his conviction sealed. *Id.* at ¶ 44-60, 70. The court of appeals further held that even if none of the sealing statutes authorized the sealing of the records of the dismissed

counts in this case, the trial could exercise its inherent authority and order the counts to be sealed. *Id.* at ¶ 61-69.

{¶ 14} The state appealed to this court, challenging the Eighth District's conclusion that the nonconviction-sealing statute permits the sealing of individual dismissed counts even when the entire case is not eligible to be sealed. *See* 162 Ohio St.3d 1420, 2021-Ohio-1201, 166 N.E.3d 10. The state further contests the court of appeals' invocation of the doctrine of inherent authority as a mechanism for sealing criminal records that are not statutorily eligible for sealing. The state has not appealed the court of appeals' conclusion that the multicount-sealing provision did not preclude the sealing of G.K.'s records, so we have no occasion to consider whether that aspect of the court of appeals' decision was correct.

## IV. Analysis

### A. *G.K. is not eligible to have his records sealed*

{¶ 15} G.K. has relied on the nonconviction-sealing statute as the basis for having the records of the dismissed charges in the indictment against him sealed. That provision permits a person "who is found not guilty of an offense" or "who is the defendant named in a dismissed complaint, indictment, or information" to apply for an order to seal "the person's official records in the case." R.C. 2953.52(A)(1). G.K. was not acquitted, nor was his indictment dismissed. Individual counts in the indictment were dismissed, but the indictment was not. Indeed, G.K. stands convicted of one charge in the indictment. Thus, the trial court could not make the necessary finding that G.K. either "was found not guilty in the case" or "the complaint, indictment, or information in the case was dismissed." R.C. 2953.52(B)(4). The records of the dismissed counts in G.K.'s indictment therefore cannot be sealed under the nonconviction-sealing statute. It's that simple.

### B. *The court of appeals misapplied the clear statutory language*

{¶ 16} Though the language of the nonconviction-sealing statute is clear on its face, the Eighth District reached a different result. The court of appeals began

by explaining that the nonconviction-sealing statute "permits sealing where the applicant (1) 'is found not guilty of an offense by a jury or a court' or (2) 'is the defendant named in a dismissed complaint, indictment, or information.' " 2020-Ohio-5083, 161 N.E.2d 824, at ¶ 27, quoting R.C. 2953.52(A)(1). Despite starting with that simple premise, the court of appeals nevertheless deemed the nonconviction-sealing statute ambiguous. *Id.* at ¶ 32-33. The court determined that the statutory language permitting a person "who is found not guilty of an offense" to apply for "an order to seal the person's official record in the case," R.C. 2953.52(A)(1), created an ambiguity with respect to whether sealing may be ordered only for an entire indictment or for individual charges within the same indictment, 2020-Ohio-5083 at ¶ 33.

**{¶ 17}** Having found the language ambiguous, the court of appeals turned to extratextual sources—such as legislative history—to try to figure out what the legislature would have wanted to happen in a situation such as G.K.'s. *See id.* at ¶ 36-43. But in doing so, it relied on legislative analysis of amendments that took effect *after* G.K. had applied to have his dismissed charges sealed. *See id.* at ¶ 37-39, citing 2013 Am.Sub.S.B. No. 143 (effective Sept. 19, 2014) ("S.B. 143"). Those amendments are not applicable to this case. Moreover, the legislation relied on by the court of appeals, S.B. 143, did not make any changes to the nonconviction-sealing statute. Nevertheless, the court of appeals looked to changes that the legislation made to other sealing statutes and applied what it perceived to be the rationale for those changes to the unamended nonconviction-sealing statute. *See* 2020-Ohio-5083 at ¶ 37-39. For example, the court interpreted the amendments to the conviction-sealing statute to permit sealing individual convictions, and based on its reading of those amendments, the court presumed that the legislature must also have intended to "allow for trial courts to seal individual charges that do not result in a conviction," *id.* at ¶ 37.

**{¶ 18}** There are obvious flaws in the court of appeals' analysis. First, the

fact that the legislature amended the conviction-sealing statute but declined to amend the nonconviction-sealing statute does not suggest that the legislature wanted the same changes to apply to both statutes; it suggests the exact opposite. We must presume that the legislature chose not to amend the nonconviction-sealing statute for a reason. *See Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 142 Ohio St.3d 236, 2014-Ohio-5511, 29 N.E.3d 903, ¶ 26 ("the General Assembly's use of particular language to modify one part of a statute but not another part demonstrates that the General Assembly knows how to make that modification and has chosen not to").

**{¶ 19}** Second, there is nothing ambiguous about the nonconviction-sealing statute when it is applied to a partially dismissed indictment. By its plain terms, the statute does not authorize the sealing of such records. A person may apply to have his records sealed under the nonconviction-sealing statute if he was "found not guilty of an offense" or was "the defendant named in a dismissed complaint, indictment, or information." R.C. 2953.52(A)(1). G.K. does not fit into either of those categories. He was not found not guilty of an offense, and he was not named in a dismissed complaint, indictment, or information. Certain counts in the indictment were dismissed, but the indictment was not—one count remained.

**{¶ 20}** This reading accords with other portions of the nonconviction-sealing statute. Once the trial court finds that the applicant has satisfied the requirements of the statute and determines that sealing is appropriate, "the court shall issue an order directing that all official records pertaining to the case be sealed and that * * * the proceedings in the case be deemed not to have occurred." R.C. 2953.52(B)(4). A court cannot seal "all official records pertaining to the case," *id.*, while simultaneously maintaining the record of the conviction in the case, *see State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 19.

**{¶ 21}** The judge concurring below expressed concern that reading the nonconviction-sealing statute to apply only when an indictment is dismissed, rather

than when individual counts are dismissed, would mean that a defendant could never have his case sealed—even if all charges against him were dismissed—unless all codefendants named in the same indictment were also eligible to have their records sealed. *See* 2020-Ohio-5083, 161 N.E.2d 824, at ¶ 77 (Keough, P.J., concurring). We think this concern is unfounded. The nonconviction-sealing statute authorizes a qualifying person to "apply to the court for an order to seal *the person's* official records in the case." (Emphasis added.) R.C. 2953.52(A)(1). The law therefore permits the sealing of a case with respect to an individual defendant. It does not, however, permit the sealing of dismissed portions of an indictment against a defendant when other portions of the indictment against that defendant do not qualify for sealing.

{¶ 22} Thus, under a straightforward application of the nonconviction-sealing statute, G.K. is not eligible to have his records sealed.

*C. A court does not have inherent authority to seal records when the legislature has enacted specific legislation governing the sealing of the records at issue*

{¶ 23} After concluding that G.K was eligible to have his conviction sealed under the statutory framework, the court of appeals remanded the case to the trial court for it to determine whether G.K. had any pending charges that would prevent his application from being granted and to weigh the state's interest in maintaining the records against G.K.'s interest in having them sealed. 2020-Ohio-5083 at ¶ 60.

{¶ 24} The court could have stopped there. But instead, without any party having raised the issue, the court opined that courts possess inherent authority to seal records. It concluded that even if the legislature did not "leave room" for an applicant to have dismissed counts in a record containing a conviction sealed, *id*. at ¶ 61, a trial court nevertheless possesses inherent authority to seal the records of the dismissed charges under this court's holding in *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 421 N.E.2d 1303 (1981). 2020-Ohio-5083, 161 N.E.2d 824, at ¶ 62. And it said that the circumstances of this case would warrant invoking that

purported inherent judicial authority to order G.K.'s dismissed charges to be sealed. *Id.* at ¶ 63.

{¶ 25} *Pepper Pike* involved assault allegations brought by an ex-husband as a "vindictive tool to harass" his ex-wife. *Id.* at 377. The criminal charge was ultimately dismissed with prejudice. *Id.* At the time, there were no statutes governing the sealing of criminal records pertaining to acquittals or dismissals. *See id.* at 376-377. Thus, this court held that under the "unusual and exceptional circumstances" presented in that case, and in the absence of statutory authority, the trial court could invoke its inherent judicial authority to seal the records of the criminal proceedings. *Id.* at 377.

{¶ 26} We have since explained that the *Pepper Pike* decision was rendered in "the absence of legislative guidance" with respect to sealing records of nonconvictions. *State v. Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, ¶ 20. We no longer lack that guidance. After *Pepper Pike* was decided, the General Assembly enacted the nonconviction-sealing statute, providing a mechanism for sealing records of criminal cases that resulted in acquittals, dismissals, and no bills. That legislation explicitly limits the sealing of records of dismissed charges to situations in which the entire case is eligible to be sealed.

{¶ 27} "[I]t is the role of the legislature to address the statutory scheme on sealing records," *id.* at ¶ 36, and we may not, under the cloak of inherent judicial authority, intrude upon the province of the legislative branch to make policy judgments in this area. The nonconviction-sealing statute plainly does not permit the sealing of records of individual counts that were dismissed from an indictment. A court may not deviate from the requirements of a statute simply because it would prefer that the statute had been written differently. Inherent judicial authority is not an end-around to legislative dictates.

### V. Conclusion

{¶ 28} The statutes that control the sealing of records in criminal cases do

not authorize the sealing of records of counts that were dismissed from an indictment when, as here, the offender was convicted of one or more counts in the indictment. Under the law in effect at the time G.K. filed his application to seal, he was not eligible to have his conviction sealed. If he becomes eligible, he may then apply to have his case sealed under the applicable provisions.

**{¶ 29}** We therefore reverse the judgment of the Eighth District Court of Appeals and reinstate the trial court's judgment denying G.K.'s application to seal.

Judgment reversed

and trial court's judgment reinstated.

KENNEDY, FISCHER, and HESS, JJ., concur.

O'CONNOR, C.J., concurs, with an opinion joined by STEWART, J.

STEWART and BRUNNER, JJ., concur in judgment only.

MICHAEL D. HESS, J., of the Fourth District Court of Appeals, sitting for DONNELLY, J.

_____

**O'CONNOR, C.J., concurring.**

**{¶ 30}** I agree with the majority opinion that under the plain language of the statutes governing the sealing of court records in criminal cases, the record of the dismissed counts in appellee G.K.'s indictment may not be sealed until the record of his conviction on the remaining count from the same indictment becomes eligible to be sealed. I write separately, however, to highlight the barrier that the nonconviction-sealing statute, R.C. 2953.52, imposes on a defendant such as G.K., who was charged with several felony offenses that have been characterized as false and were ultimately dismissed.

**{¶ 31}** Because G.K. was convicted of a single count in a multicount indictment, he is not currently eligible to have the records of the dismissed counts in the indictment sealed pursuant to R.C. 2953.52. The practical result for G.K. is that the presence of the dismissed charges on his criminal record may disqualify

him from job opportunities, educational opportunities, and stable housing. *See generally* brief of amici curiae Southeastern Ohio Legal Services, Legal Aid Society of Columbus, Legal Aid Society of Cleveland, and Community Legal Aid Services (Aug. 25, 2021).

**{¶ 32}** We rely on what the General Assembly has written when statutory language is unambiguous, as the legislature is the ultimate arbiter of public policy. But I am not convinced that when the General Assembly enacted this statutory scheme to assist people convicted of crimes with a pathway for reentry to society, it intended to impose the high price that G.K. must pay in the form of collateral consequences and the stigma of crimes for which he was never convicted. While the statutory scheme allows courts to weigh competing interests and conclude that it is not in the public interest for charges to be sealed, R.C. 2953.52 automatically bars courts from even considering whether to seal dismissed charges such as G.K.'s. This barrier serves no apparent purpose and infringes on the public-policy reasons supporting the records-sealing statutes. Just as it is up to the legislature to make policy judgments with regard to sealing records of convictions, it is also within its purview to consider removing the barrier to sealing records of dismissed charges. In the interest of fairness and justice, it should do so.

STEWART, J., concurs in the foregoing opinion.

_____

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory Ochocki, Assistant Prosecuting Attorney, for appellant.

Zukerman, Lear & Murray Co., L.P.A., Larry W. Zukerman, Brian A. Murray, and Adam M. Brown, for appellee.

Kegler, Brown, Hill & Ritter Co., L.P.A., Christopher J. Weber, and Sasa Trivunic, urging reversal for amicus curiae Ohio Association of Municipal and County Court Clerks.

Koehler Fitzgerald, L.L.C., and Timothy J. Fitzgerald, urging reversal for

amicus curiae Ohio Clerk of Courts Association.

Sierra Cooper, Patrick Higgins, Katherine Hollingsworth, Thomas Mlakar, and Steven McGarrity, urging affirmance for amici curiae Southeastern Ohio Legal Services, Legal Aid Society of Columbus, Legal Aid Society of Cleveland, and Community Legal Aid Services.

Hannah Christ, urging affirmance for amicus curiae Case Western Reserve University Second Chance Reentry Clinic.

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin and Aaron T. Baker, Assistant Public Defenders; and Russel Bensing, urging affirmance for amici curiae Cuyahoga County Public Defender and Ohio Association of Criminal Defense Lawyers.

————————