[Cite as *State v. W.C.*, 2022-Ohio-3235.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111185 |
| v. | : | |
| W.C., | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** September 15, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-14-591265-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for appellant*.

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, W.C., appeals the trial court's decision summarily denying his motion to seal his criminal record. For the reasons that follow, we reverse and remand.

## I.  Procedural History

{¶ 2}  In November 2014, W.C. was charged in a 31-count indictment that included 26 counts of unauthorized use of property, fifth-degree felonies; two counts of tampering with records, third-degree felonies; two counts of forgery, fifth-degree felonies; and one count of possessing criminal tools, a fifth-degree felony.  W.C. pled not guilty to the indictment.

{¶ 3}  In March 2015, following a plea agreement with the state, W.C. pled guilty to an amended Count 1, tampering with records in violation of R.C. 2913.42(A)(1), a first-degree misdemeanor, and an amended Count 5, unauthorized use of property in violation of R.C. 2913.04(D), a fifth-degree felony, amended to incorporate several other counts in the indictment for conduct spanning from June 17, 2010, to March 9, 2015.  The remaining 29 counts of the indictment were nolled.

{¶ 4}  In April 2015, the trial court sentenced W.C. to two years of community control, with the conditions that W.C. perform 500 hours of community service at an agency that serves the poor and complete cultural sensitivity counseling.  The trial court also ordered W.C. to pay his supervision fees at a rate of $20 per month and advised him that violating the conditions of his community control could result in more restrictive sanctions or a one-year prison term.  In addition, the trial court ordered W.C. to pay cash for, or perform court community work service in lieu of, paying court costs.

{¶ 5}  The following year, in May 2016, the trial court found that W.C. violated his community control but continued his community control supervision

with the conditions that it had previously imposed. Two months later, the trial court found that W.C. again violated his community control and subsequently sentenced him to a six-month term in jail.

{¶ 6} More than three years later, on February 3, 2020, W.C. filed a motion to seal the record of his conviction pursuant to R.C. 2953.32(A)(1). Plaintiff-appellee, the state of Ohio, filed a brief opposing the motion, and W.C. filed a reply brief setting forth the arguments he intended to raise at the hearing on his motion. Thereupon, the trial court ordered an expungement investigation and report, which stated, in relevant part, that W.C. had no criminal cases pending and no additional arrests as of February 21, 2020; the date of termination from his last correctional or supervision was July 28, 2016; and he owed $480 in supervision fees.

{¶ 7} The matter proceeded to a hearing on December 10, 2020. At the hearing, counsel for W.C. argued that W.C. was an eligible offender, the requisite time had passed since the final discharge of his conviction, no criminal proceedings were pending against him, he had been rehabilitated, and his interest in having his record sealed outweighed the state's interest in maintaining a public record of his conviction. Counsel for W.C. noted that W.C. had completed two associate's degrees in computer science hardware and software and was currently enrolled in a bachelor's-degree program in information technology. Counsel for W.C. argued that these educational milestones demonstrated W.C. wanted to better himself but that his felony record prevented him from finding better employment and opportunities in this field.

{¶ 8} The state objected to W.C.'s motion to seal, arguing that it had a legitimate need to maintain a public record of W.C.'s conviction that outweighed W.C.'s interest in having his record sealed and that it was important for the court to consider W.C.'s failure to successfully complete his community-control sanction when determining whether W.C. had been rehabilitated.

{¶ 9} Near the end of the hearing, counsel for W.C. requested a continuance and a delay in the trial court's ruling. The trial court granted this request, and a second hearing was held on March 16, 2021. At the close of the second hearing, the trial court informed the parties that "I'm going to continue to consider this matter and I'll have a decision for your attorney and you and the State of Ohio soon."

{¶ 10} On December 3, 2021, the trial court issued a journal entry stating, "Defendant's motion for expungement of record is denied."

{¶ 11} W.C. appeals this decision, raising two assignments of error for review:

> **Assignment of Error One:** The trial court abused its discretion when it denied W.C.'s motion for expungement because that decision failed to properly weigh the competing interests involved and is not supported by the record.

> **Assignment of Error Two:** The trial court failed to articulate and create a record for this Court to engage in a meaningful appellate review.

## II. Law and Analysis

{¶ 12} In his first assignment of error, W.C. argues that the trial court failed to weigh his interest in having his criminal record sealed against the state's legitimate need to maintain a record of W.C.'s conviction, as required by R.C.

2953.32. In his second assignment of error, W.C. argues that the trial court failed to make a record for meaningful appellate review. In its brief, the state only responds that "[this Court in *State v. W.C.*, 8th Dist. Cuyahoga No. 105353, 2018-Ohio-1182[,] followed *State v. Ha[a]s*, 6th Dist. Lucas, No. L-04-1315, 2005-Ohio-4350." In *W.C.*, 2018-Ohio-1182, we set forth the holding of *Haas*, that the "trial court did not demonstrate its exercise of discretion on the record in order to facilitate meaningful appellate review." *Id.* at ¶ 13. At appellate oral argument, the state confirmed that it conceded W.C.'s second assignment of error. We therefore address the second assignment of error first because it is dispositive.

{¶ 13} "A criminal record containing a conviction may be sealed under certain circumstances." *State v. G.K.*, Slip Opinion No. 2022-Ohio-2858, ¶ 5. "First, an offender must qualify as an 'eligible offender' based on the number and type of his prior convictions." *Id.*, citing R.C. 2953.31(A). "Then, once the applicable statutory waiting period for the crime of conviction has expired," an eligible offender may apply to the sentencing court for the sealing of the record that pertains to the conviction. *Id.*, citing R.C. 2953.32(A)(1). The standards for granting or denying a motion to seal a record of conviction are set forth in R.C. 2953.32(C)(1). *Id.* The statute in effect at the time the offender files a R.C. 2953.32 motion to seal a record of conviction is controlling. *Id.* at ¶ 4, fn. 1, citing *State v. Lasalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, paragraph two of the syllabus. The most recent amendment to R.C. 2953.32(C)(1) became effective April 12, 2021.

{¶ 14} When W.C. filed his motion in February 2020, R.C. 2953.32(C)(1) required that trial court (1) determine whether the applicant is an eligible offender, (2) determine whether criminal proceedings are pending against the applicant, (3) determine whether the applicant has been rehabilitated to the satisfaction of the court, (4) consider the reasons against granting the application specified by the prosecutor in the objection, and (5) weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records. If the applicant fails to meet any of the requirements under R.C. 2953.32(C)(1), the trial court must deny the motion. *State v. M.H.*, 8th Dist. Cuyahoga No. 105589, 2018-Ohio-582, ¶ 9, citing *State v. Krantz*, 8th Dist. Cuyahoga No. 82439, 2003-Ohio-4568, ¶ 23.

{¶ 15} As this court explained in *M.H.*,

> The purpose of sealing a record of conviction is to recognize that people may be rehabilitated. *State v. Petrou*, 13 Ohio App.3d 456, 456, 469 N.E.2d 974 (9th Dist.1984). In enacting the sealing statute, the legislature recognized that "'[p]eople make mistakes, but that afterwards they regret their conduct and are older, wiser, and sadder. The enactment and amendment of R.C. 2953.31 and 2953.32 is, in a way, a manifestation of the traditional Western civilization concepts of sin, punishment, atonement, and forgiveness.'" *State v. M.D.*, 8th Dist. Cuyahoga No. 92534, 2009-Ohio-5694, ¶ 8, quoting *State v. Boddie*, 170 Ohio App.3d 590, 2007-Ohio-626, 868 N.E.2d 699, ¶ 8 (8th Dist.).

*Id.* at ¶ 10.

{¶ 16} This court reviews a trial court's decision to grant or deny a motion to seal a record of conviction filed pursuant to R.C. 2953.32 for an abuse of discretion. *State v. H.M.*, 8th Dist. Cuyahoga No. 106513, 2018-Ohio-2946, ¶ 14.

{¶ 17} In this case, we cannot discern from the record how the trial court reached its ruling denying W.C.'s motion to seal. We recognize that it is W.C.'s burden to meet each of the R.C. 2953.32 requirements, and if he fails to do so, the trial court must deny his motion. The record, however, must contain some analysis or reasoning supporting the trial court's ruling before we can determine whether the trial court abused its discretion by denying the motion. The absence of the trial court's analysis prevents our conducting a meaningful appellate review.

{¶ 18} This court has consistently reversed decisions made under R.C. 2953.32 when the record reveals that the trial court did not comply with the statutory requirements. *See State v. B.H.*, 8th Dist. Cuyahoga No. 106380, 2018-Ohio-2649, ¶ 16 ("This court has repeatedly held that a trial court must place its findings on the record to demonstrate compliance with R.C. 2953.32"); *Beachwood v. D.Z.*, 8th Dist. Cuyahoga No. 94024, 2010-Ohio-3320, ¶ 7 (reversing summary denial and remanding to the trial court to place its findings and reasons for its ruling on the record); *State v. M.D.*, 8th Dist. Cuyahoga No. 92534, 2009-Ohio-5694, ¶ 21 ("Since the trial court in this case offered no reasons for its denial of [the] application, we cannot simply defer to the trial court's discretion in this matter"); *State v. Gerber*, 8th Dist. Cuyahoga No. 87351, 2006-Ohio-5328, ¶ 13 ("[A] trial court must include [its] findings in its judgment entry to illustrate compliance with R.C. 2953.32"); *State v. Woolley*, 8th Dist. Cuyahoga No. 67312, 1995 Ohio App. LEXIS 1246 (Mar. 30, 1995) (reversing denial of motion and remanding for hearing and journal entry showing that R.C. 2953.32 factors were considered).

{¶ 19} Other appellate districts have also reversed their trial courts for failure to comply with R.C. 2953.32. *See State v. Gaines*, 6th Dist. Huron No. H-19-004, 2019-Ohio-5003, ¶ 16-18 (reversing denial of motion because "a trial court must make the required findings required by R.C. 2953.32, which the court in this case failed to do," and remanding to the trial court to base its decision on "its consideration of, and determination as to, the factors set forth in R.C. 2953.32(C)"); *State v. Smith*, 9th Dist. Medina No. 13CA0043-M, 2014-Ohio-2232, ¶ 18 (reversing because "there [was] no evidence in the record that the court actually determined whether [appellant] had been rehabilitated to the court's satisfaction" and "no evidence that the court weighed the interests of [appellant] versus the interests of the State"); *State v. Poole*, 5th Dist. Perry No. 10-CA-21, 2011-Ohio-2956, ¶ 40-41 (reversing and remanding to the trial court to "make findings required by R.C. 2953.32(C)" because "[t]he trial court failed to make any findings with respect to appellant's interest in having the records sealed, the government's need to maintain records, and whether appellant had been rehabilitated to the satisfaction of the trial court"); *State v. Hillman*, 10th Dist. Franklin Nos. 09AP-478, 09AP-479, and 09AP-480, 2010-Ohio-256, ¶ 17-18 (following other appellate districts in remanding "to weigh the interests of the parties and make the necessary findings [under R.C. 2953.32], and to express those findings on the record").

{¶ 20} Therefore, consistent with the holdings of this and other appellate districts and the state's concession, the second assignment of error is sustained.

{¶ 21} In the first assignment of error, W.C. argues that the trial court abused its discretion because its decision failed to properly weigh the parties' competing interests and is not supported by the record. Our disposition of the second assignment of error, however, renders the first assigned error moot. App.R. 12(A)(1)(c).

{¶ 22} Accordingly, we reverse the trial court's summary denial of W.C.'s motion to seal the record of his conviction and remand to the trial court to state reasons for its judgment to demonstrate compliance with the R.C. 2953.32(C)(1) factors.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR