[Cite as *State v. W.A.R.*, 2024-Ohio-256.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                                        No. 113057

    v.                              :

W.A.R.,                                 :

    Defendant-Appellant.            :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** January 25, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-619840-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Rachel E. Cohen, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Thomas T. Lampman, Assistant Public Defender, *for appellant.*

MARY EILEEN KILBANE, P.J.:

{¶ 1} Defendant-appellant W.A.R. appeals the trial court's denial of his motion to seal his record. For the following reasons, we reverse and remand.

**Factual and Procedural History**

{¶ 2} This case stems from an altercation on July 19, 2017, between W.A.R. and James Singer ("Singer").

{¶ 3} On August 2, 2017, a Cuyahoga County Grand Jury indicted W.A.R. on one count of felonious assault in violation of R.C. 2903.11(A)(1). On August 25, 2017, W.A.R. pleaded not guilty to the indictment. On November 16, 2017, the trial court conducted a bench trial and found W.A.R. guilty of assault, a first-degree misdemeanor in violation of R.C. 2903.13.

{¶ 4} On November 20, 2017, the trial court sentenced W.A.R. to serve six months of community-control sanctions; to pay monthly supervision fees; and to pay Singer restitution in the amount of $4,036.10.

{¶ 5} On April 26, 2018, the trial court issued a judgment entry that reads: "Probation permitted to expire on 5/20/18. Defendant has a remaining balance due for restitution of $4,036.10." On May 20, 2018, the trial court terminated W.A.R.'s community-control sanctions.

{¶ 6} On June 12, 2018, W.A.R. filed a motion for relief from the trial court's order to pay restitution. W.A.R.'s motion argued that Singer was not obligated to pay the out-of-pocket medical expenses he incurred due to his injuries sustained on July 19, 2017. W.A.R. referenced a letter from the Veteran's Administration ("VA") that stated the VA did not pursue collection of medical expenses incurred following the July 19, 2017 incident. The letter was not attached

to the motion filed with the court. On February 8, 2021, the trial court summarily denied W.A.R.'s motion.

{¶ 7} On February 23, 2022, W.A.R. refiled his motion for relief from the trial court's order to pay restitution and attached the applicable VA letter. The VA letter stated the administration had no billable encounters with James "Springer" that required repayment; the VA had no interest in pursuing the case; and the VA's file was closed.[1] On February 28, 2022, the state filed a brief in opposition to W.A.R.'s motion and argued there was no legal authority that allows a trial court to grant relief from the payment of restitution. The state further argued that while the VA letter documented that the VA did not have an active file seeking payment from Singer, restitution was ordered to Singer not the VA. On March 1, 2022, the trial court denied W.A.R.'s refiled motion.

{¶ 8} On October 4, 2022, W.A.R. filed an application to seal his record of arrest and conviction and to modify his sentence to waive the restitution owed to Singer. On that same date, the trial court ordered an expungement-investigation report ("EIR"). On November 7, 2022, the state filed a brief in opposition to W.A.R.'s motion arguing that (1) W.A.R. was not an eligible offender under the applicable statute; (2) W.A.R.'s motion was premature because where restitution had not yet been paid to Singer there was no final discharge as statutorily required;

---

[1] The VA letter referenced James *Springer*, not James *Singer*.

and (3) the trial court was not authorized to modify restitution previously ordered at sentencing.

{¶ 9} On November 10, 2022, the trial court issued a judgment entry that reads: "Defense motion to find restitution paid in full via Veterans Administration payments. State does not object. Defense motion is granted. Restitution satisfied in full." Judgment entry, November 10, 2022. On November 14, 2022, the trial court denied W.A.R.'s October 4, 2022 motion to seal his record and conviction.

{¶ 10} On December 8, 2022, W.A.R. filed a timely notice of appeal from the trial court's November 14, 2022 order denying his motion to seal his record and conviction. On January 27, 2023, this court granted W.A.R.'s motion to voluntarily dismiss the appeal. *See State v W.A.R.*, 8th Dist. Cuyahoga No. 112203.

{¶ 11} On May 1, 2023, W.A.R. filed another application to seal his record of arrest and conviction pursuant to R.C. 2953.32. W.A.R. argued that he was entitled to have his prior record and conviction sealed because he committed an eligible offense under R.C. 2953.32; five years had passed since resolution of the underlying case; and the November 10, 2022 judgment entry stated restitution was paid in full. On the same date, the trial court ordered another EIR.

{¶ 12} On June 14, 2023, the state opposed W.A.R.'s motion to seal his record of arrest and conviction. The state argued that the EIR indicated W.A.R. did not achieve a final discharge where he still owed court costs and restitution; the underlying offense did not qualify under the statute; and the victim, Singer, opposed

the motion based upon the harm he experienced in 2017. On July 10, 2023, the trial court summarily denied W.A.R.'s May 1, 2023 motion.

{¶ 13} On July 18, 2023, W.A.R. filed a motion to reconsider the denial of his motion to seal his criminal record, and the state filed a brief in opposition. On July 20, 2023, the trial court set an expungement hearing for August 7, 2023.[2]

{¶ 14} On August 4, 2023, W.A.R. filed an accelerated appeal from the trial court's July 10, 2023 denial of his motion to seal his record of arrest and conviction and presented two assignments of error:

> Assignment of Error I: The trial court abused its discretion when it denied [W.A.R.]'s motion for expungement without holding a hearing.

> Assignment of Error II: The trial court failed to articulate and create a record for this Court to engage in a meaningful appellate review.

The trial court did not conduct the expungement hearing set on August 7, 2023, due to W.A.R.'s filing of the current appeal.

**Legal Analysis**

{¶ 15} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. *State v. Johnson*, 8th Dist.

---

[2] We note that while the pleadings, at times, interchangeably reference "sealing" and "expungement," they are not the same thing. "Expungement occurs when a conviction is completely erased from one's record. Sealing is when the records of a conviction are filed in a 'separate, secured location' and 'cannot be seen by most people.'" *State v. D.D.G.*, 2019-Ohio-4982, 136 N.E.3d 1271, ¶ 5 (8th Dist.), quoting The Ohio Justice & Policy Center's Criminal Records Manual, Understanding and Clearing Up Ohio Criminal Records, and Overcoming the Barriers They Create, http://ohiojpc.org/wp-content/uploads/2015/07/OJPCs-Criminal-Record-Manual.pdf (accessed Sept. 18, 2019).

Cuyahoga No. 98594, 2013-Ohio-1788, ¶ 1, citing *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E).

{¶ 16} An appellate court generally reviews the denial of an application to seal records for an abuse of discretion. *Bedford v. Bradberry*, 8th Dist. Cuyahoga No. 100285, 2014-Ohio-2058, ¶ 5. However, the instant appeal requires analysis of the statute — R.C. 2953.32 — and a trial court's interpretation of a statute is a question of law that is subject to de novo review. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6. A de novo review is an independent review, without any deference to the trial court's determination. *State v. Buehner*, 8th Dist. Cuyahoga No. 109699, 2021-Ohio-4435, ¶ 43.

{¶ 17} In reviewing W.A.R.'s May 1, 2023 application to seal his record and conviction pursuant to R.C. 2953.32, we reference the April 6, 2023 version of the statute that was in effect at the time W.A.R. filed his motion on May 1, 2023. *See State v. W.C.*, 8th Dist. Cuyahoga No. 111185, 2022-Ohio-3235, ¶ 13, citing *State v. G.K.*, 169 Ohio St.3d 266, 2022-Ohio-2858, 203 N.E.3d 701, ¶ 4, fn. 1.

{¶ 18} According to R.C. 2953.32(C), upon the offender's filing of an application to seal his record, the trial court shall set a hearing and the court shall hold the hearing between 45 and 90 days after the filing of the application:

> (C) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application not less than sixty days prior to the hearing. Pursuant to the Ohio Constitution, the prosecutor shall provide timely notice of the application and the date and time of the hearing to a victim and victim's representative, if applicable, if the victim or victim's representative requested notice of the proceedings in

the underlying case.  The court shall hold the hearing not less than forty-five days and not more than ninety days from the date of the filing of the application.

{¶ 19} The statute further delineates the determinations and considerations the court must pursue at the time of the hearing:

(D)(1) At the hearing held under division (C) of this section, the court shall do each of the following:

(a) Determine whether the applicant is pursuing sealing or expunging a conviction of an offense that is prohibited under division (A) of this section or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case, and determine whether the application was made at the time specified in division (B)(1)(a) or (b) or division (B)(2)(a) or (b) of this section that is applicable with respect to the application and the subject offense;

(b) Determine whether criminal proceedings are pending against the applicant;

(c) Determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (C) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) If the victim objected, pursuant to the Ohio Constitution, consider the reasons against granting the application specified by the victim in the objection;

(f) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed or expunged against the legitimate needs, if any, of the government to maintain those records;

(g) Consider the oral or written statement of any victim, victim's representative, and victim's attorney, if applicable;

(h) If the applicant was an eligible offender of the type described in division (A)(3) of section 2953.36 of the Revised Code as it existed prior

to the effective date of this amendment, determine whether the offender has been rehabilitated to a satisfactory degree. In making the determination, the court may consider all of the following:

     (i) The age of the offender;
     (ii) The facts and circumstances of the offense;
     (iii) The cessation or continuation of criminal behavior;
     (iv) The education and employment of the offender;
     (v) Any other circumstances that may relate to the offender's rehabilitation.

R.C. 2953.32(D)(1)(a)-(h).

{¶ 20} R.C. 2953.32 definitively requires the trial court to set a hearing upon W.A.R.'s application of his motion to seal; to hold a hearing on that motion; and to make the determinations enumerated in R.C. 2953.32(D)(1). It is only after the trial court acted in accordance with statute by, specifically, setting and conducting a hearing on W.A.R.'s motion to seal and making the requisite statutory determinations and considerations, that the court could render a decision on the motion to seal.

{¶ 21} The Ohio Supreme Court has stated that

[w]hen construing a statute, a court's objective is to determine and give effect to the legislative intent. *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees*, 72 Ohio St. 3d 62, 65, 1995-Ohio-172, 647 N.E.2d 486 (1995). To determine legislative intent, a court must first consider the words used in a statute. *State v. Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, ¶ 10. When a statute's language is clear and unambiguous, a court must apply it as written. *Zumwalde v. Madeira & Indian Hill Joint Fire Dist.*, 128 Ohio St.3d 492, 2011-Ohio-1603, 946 N.E.2d 748, ¶ 23. Further construction is required only when a statute is unclear and ambiguous. *State v. Chappell*, 127 Ohio St.3d 376, 2010-Ohio-5991, 939 N.E.2d 1234, ¶ 16.

*State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 10. Similarly, the language of R.C. 2953.32 was clear and ambiguous; we must apply the statute as written, and the trial court was required to follow the language of the statute. The trial court's failure to conduct a hearing on W.A.R.'s motion to seal was in derogation of R.C. 2953.32.

{¶ 22} We note that the former version of R.C. 2953.32 required a trial court to set a hearing on a motion to seal records but did not contain language that required the court to also conduct a hearing on the motion. Prior decisions in our district, relying on the specific language of the former statute, held that a hearing was unnecessary "where the sole issue in the case present[ed] a question of law, i.e., whether an applicant [was] an 'eligible offender.'" *State v. T.D.*, 8th Dist. Cuyahoga No. 111307, 2022-Ohio-3741, ¶ 17, citing *State v. J.K.*, 8th Dist. Cuyahoga No. 96574, 2011-Ohio-5675, ¶ 16; s*ee also D.D.G.*, 2019-Ohio-4982, 136 N.E.3d 1271, at ¶ 27 ("[B]y requiring the trial court to hold a hearing even when an offender is not statutorily eligible for sealing, we would be adding a provision to R.C. 2953.32(B) and impermissibly legislating."). The state relies on the holding in *D.D.G.* to support its position that because W.A.R. was not an eligible offender under the statute, as a matter of law no hearing was mandated. However, in light of R.C. 2953.32's explicit statutory language that requires the trial court to both set and conduct a hearing on an offender's filing of a motion to seal his record, the reasoning presented in *D.D.G.* and related opinions is no longer applicable.

{¶ 23} Pursuant to the dictates of R.C. 2953.32, the trial court improperly denied W.A.R.'s motion to seal his record without first setting a hearing and conducting a hearing in concert with the statutory requirements. Accordingly, we sustain W.A.R.'s first assignment of error and remand this matter so that the trial court can set and conduct a hearing in accordance with R.C. 2953.32. Because our finding on the first assignment of error is dispositive of this appeal, we will not address W.A.R.'s second assignment of error.

{¶ 24} We note that "[a] court speaks through its docket and journal entries." *State v. Deal*, 8th Dist. Cuyahoga No. 88669, 2007-Ohio-5943, ¶ 54, citing *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47. The trial court's November 10, 2022 journal entry states W.A.R.'s motion to find his restitution paid in full to the VA was unopposed and granted. The record does not reflect that the state filed an appeal from that order. Thus, the record reflects, through the court's docket, that W.A.R. satisfied his restitution in full.

{¶ 25} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

LISA B. FORBES, J., and
EMANUELLA D. GROVES, J., CONCUR