[Cite as *State v. K.C.*, 2024-Ohio-1052.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | No. 113120 |
| v. | : | |
| K.C., | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED
**RELEASED AND JOURNALIZED:** March 21, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-667990-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alan F. Dowling, Assistant Prosecuting Attorneys, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Robert McCaleb, Assistant Public Defender, *for appellee.*

MARY J. BOYLE, J.:

{¶ 1} Plaintiff-appellant, the state of Ohio ("state"), appeals the trial court's sealing of records for defendant-appellee, K.C. ("K.C."). For the reasons set forth below, we vacate the judgement dated August 4, 2023.

## I. Facts and Procedural History

{¶ 2} In May 2022, K.C. was charged in a three-count indictment. K.C. entered and successfully completed intervention in lieu of conviction ("ILC"). In July 2023, the court issued an order declaring that K.C. completed treatment and terminated his supervision. The docket shows no activity until August 4, 2023, when the trial court ordered that K.C.'s records of the entire case be sealed.

{¶ 3} It is from this order that the state appeals, raising the following assignments of error for our review:

> **Assignment of Error I:** Did the trial court err when it sealed the record of a case without an application from the defendant, without providing notice to the State, and without holding a hearing?

> **Assignment of Error II:** Did the trial court err by sealing the record of a case containing a statutorily ineligible conviction?

## II. Law and Analysis

{¶ 4} In the first assignment of error, the state challenges the trial court's authority to seal the record of the case, without application by K.C., without notice to the state, and without a hearing. K.C. concedes this argument.

{¶ 5} R.C. 2951.041(E) dictates that upon the successful completion of ILC, the court shall dismiss the proceedings against the offender and may order the sealing of the records in accordance with the sealing provisions of the Revised Code. The section applicable in this case is R.C. 2953.33(B)(1), which states that

> [u]pon the filing of an application pursuant to division (A) of this section, the court *shall* set a date for a hearing and *shall* notify the prosecutor in the case of the hearing on the application. The court *shall* hold the hearing not less than forty-five days and not more than ninety days from the date of the filing of the application. The prosecutor may

object to the granting of the application by filing a written objection with the court not later than thirty days prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

(Emphasis added.)

{¶ 6} Nothing in the statute grants the court authority to seal a record on its own motion. Further, the statute expressly requires notice to the state and that a hearing be held to determine whether K.C. is eligible. *See State v. W.A.R.*, 8th Dist. Cuyahoga No. 113057, 2024-Ohio-256, ¶ 20 (finding that "R.C. 2953.32 definitively requires the trial court to set a hearing upon W.A.R.'s application of his motion to seal; to hold a hearing on that motion; and to make the determinations enumerated in R.C. 2953.32(D)(1)").[1]

{¶ 7} Pursuant to R.C. 2953.33, the trial court improperly, without application, notice, or a hearing, sealed K.C.'s records. Accordingly, we sustain the state's first assignment of error.

{¶ 8} Because of our disposition of the first assignment of error, we decline to address the second assignment.[2] App.R. 12.

{¶ 9} Accordingly, the August 4, 2023 journal entry sealing the record is hereby vacated.

Costs waived.

The court finds there were reasonable grounds for this appeal.

---

[1] R.C. 2953.32(D)(1) language tracks the same as R.C. 2953.33(B)(1) regarding notice and hearing requirements.

[2] We note that S.B. No. 197 is pending before the legislature, which may affect K.C.'s eligibility.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY J. BOYLE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
ANITA LASTER MAYS, J., CONCUR